Lin v. Holder

BIA
Abrams, IJ
A045 700 623

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of June, two thousand eleven.

PRESENT:

> REENA RAGGI,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

JIU TUAN LIN, a.k.a. LIN JIU TUAN,
a.k.a. TUAN JIU LIN,
> *Petitioner,*

> v.

BOARD OF IMMIGRATION APPEALS,
> *Respondent.*

_____

09-4985-ag
NAC

FOR PETITIONER: Thomas H. Nooter, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Aliza B. Alyeshmerni, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jiu Tuan Lin, a native and citizen of the People's Republic of China, was convicted on a guilty plea of conspiracy to commit alien smuggling and conspiracy to commit hostage taking. Having cooperated with the United States authorities investigating others involved in such criminal activity, Lin sought to avoid his own removal from this country. He now seeks review of a November 23, 2009 order of the BIA, which affirmed the August 13, 2009 decision of immigration judge ("IJ") Steven R. Abrams denying his application for asylum and withholding of removal but reversed IJ Abrams' grant of relief under the Convention Against Torture ("CAT"). *In re Jiu Tuan Lin*, No. A045 700 623 (B.I.A. Nov. 23, 2009), *aff'g* No. A045 700 623 (Immig. Ct. N.Y. City Aug. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.

2

2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, because Lin does not challenge the BIA's conclusions that he was ineligible for asylum and withholding of removal, we deem any challenge to those conclusions waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). As a result, we review only the BIA's determination that Lin was not eligible for deferral of removal under the CAT. Lin argues that, in reaching this conclusion, the BIA engaged in impermissible fact-finding, a question of law over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Tian-Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir. 2004); *De La Rosa v. Holder*, 598 F.3d 103, 107-08 (2d Cir. 2010). We are not persuaded.

To establish his eligibility for deferral of removal under the CAT, Lin was required to demonstrate, inter alia, that government officials in China would "know of or remain willfully blind to" anticipated acts of torture by persons against whom Lin had cooperated and "thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). The BIA determined that

3

Lin's evidence – that a human trafficker with whom he worked "has a lot of power in China" and that the trafficker's father "is a high ranking official in China" - was insufficient as a matter of law to establish official Chinese government acquiescence in the feared retribution or an inability or unwillingness to prevent it. In reaching this legal conclusion, the BIA characterized the evidence about the position of the trafficker's father as derived from an uncorroborated cellmate, when, in fact, Lin stated that he had this information from the trafficker himself. No matter. The BIA did not disturb the IJ's factual determinations as to the father's position or any other point in reaching its legal conclusion that the evidence was insufficient to establish government acquiescence. *See* 8 C.F.R. § 1003.1(d)(3); *De La Rosa v. Holder*, 598 F.3d 103, 107-09 (2d Cir. 2010) (BIA reviews legal question of official acquiescence <u>de novo</u> and related findings of fact for clear error).

Accordingly, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in

4

this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk